United States District Court
Southern District of Texas
**ENTERED**
February 10, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE A. GONZALES, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-27 |
| | § | |
| BILL  MILLS, *et al,* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

Plaintiff Joe A. Gonzales is a Texas inmate appearing *pro se* and *in forma pauperis*.  He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983 complaining of failure to protect, an inadequate grievance system and denial of access to the courts.  Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

The undersigned recommends Plaintiff's complaint be **DISMISSED** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below.  It is further recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury.  *See* § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

### A.      Procedural Background

Plaintiff is a Texas prisoner currently detained at the Aransas County Detention Center in Rockport, Texas for an alleged violation of his state parole.  He filed his original complaint on January 19, 2017, alleging officials at the Aransas County Detention Center violated his constitutional rights by failing to protect him from potential assaults of other inmates, having an inadequate system to deal with inmate grievances and denying him access to the courts because of an inadequate law library and interfering with his legal mail.  (D.E. 1, pp. 3-6).  Plaintiff named as defendants:  (1)  Aransas County Sheriff Bill Mills; (2) Aransas County Chief Deputy John Gutierrez; (3) Aransas County Deputy Roman Cortez; and (4) Aransas County Chief Jail Operations Officer Ms. Kolb.   On January 20, 2017, Plaintiff filed a separate complaint where he provides additional information about his claims.  *See Gonzales v. United States*, Case No. 2:17-cv-00037 (S.D. Tex. filed Jan. 20, 2017).[2]   Case No. 2:17-cv-00037 has been consolidated in the instant action and administratively closed.  (D.E. 10).

---

[2] The United States is listed as the Defendant on the Court's docket in Case No. 2:17-cv-00037.  However, the United States is actually the recipient of Plaintiff's complaint.  Plaintiff filed the complaint in Case No. 2:17-cv-00037 to bring Defendants' conduct to the attention of the United States through the Federal Bureau of Investigation and United States Marshals Service.  Plaintiff's complaint in Case No. 2:17-cv-00037 does not raise a separate cause of action.

A *Spears*[3] hearing was held on February 1, 2017 where Plaintiff was given an opportunity to explain his claims.  The following allegations were made in Plaintiff's original complaint (D.E. 1), or at the hearing:

Plaintiff is a Texas parolee having been released on parole after serving his initial sentences for felony possession of a controlled substance and evading arrest with a vehicle.  On April 2, 2016 Plaintiff was arrested in Nueces County, Texas and charged with driving with a suspended license and burglary of a vehicle, both misdemeanor offenses.  These cases remain pending.  Plaintiff posted a personal recognizance bond, however, he was not released from custody.  Rather, Plaintiff was transferred to San Patricio County, Texas to address a detainer and another pending misdemeanor case for driving with a suspended license.  On about October 25, 2016, after pleading guilty to the misdemeanor offense in San Patricio County and receiving a sentence of time served, Plaintiff was transferred to the Aransas County Detention Center in Rockport, Texas.  Plaintiff was, and is, detained at the Aransas County Detention Center pursuant to a parole violators' warrant issued because of the new law violations Plaintiff allegedly committed in Nueces County.

During the *Spears* hearing, Plaintiff explained his motive for filing this civil action involved his frustration in the delay of both his parole violation proceedings and his misdemeanor offenses pending in Nueces County.  Because Plaintiff is in custody, he is

---

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985)*; see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

unable to travel to Nueces County to resolve his misdemeanor cases.  Plaintiff believes his parole violation proceedings will not be held until the pending cases are resolved. However, his ability to quickly resolve the misdemeanors is hindered because he is in custody in another county.   A review of the Nueces County District Clerk's records[4] indicates Nueces County Court at Law Judge Deeanne Galvan held a hearing in both cases on January 27, 2017.   However, it is uncertain whether Plaintiff's misdemeanors were resolved at these recent hearings.

**B.**    **Plaintiff's Claims**

*1. Failure to protect*

Plaintiff brings this federal civil rights action complaining of the conditions of his confinement at the Aransas County Detention Center.  Specifically, Plaintiff complains he lives in daily fear of imminent danger from being assaulted by other inmates due to inadequate staffing.  However, during the *Spears* hearing Plaintiff testified he is housed in an 8-man "tank" and that he gets along with the other inmates and does not have problems with the prisoners in his cell.  He further testified he is 38 years old and of average height and build and does not have any characteristics which make him susceptible to being victimized.  Finally, Plaintiff testified he has not been assaulted since being housed at the Aransas County Detention Center.

---

[4] *See* http://www.co.nueces.tx.us/odyssey/PublicAccess/default.aspx, *State v. Joe Anthony Gonzales,* Case No. CR16003504-3, Nueces County, County Court at Law, No. 3 (burglary of a vehicle) and *State v. Joe Anthony Gonzales,* Case No. CR15003015-3, Nueces County, County Court at Law, No. 3 (driv. w/susp. lic.).

Plaintiff brings this claim against Defendants Sheriff Bill Mills, Chief Deputy John Gutierrez and Deputy Roman Cortez because of their alleged supervisory positions at the Aransas County Detention Center.

### 2.  *Inadequate system to resolve inmate grievances*

Plaintiff alleges there is "no proper grievance process/procedure" at the Aransas County Detention Center.  Plaintiff testified his grievances concern the matters which are the subject matter of this case, namely, the conditions of confinement and Plaintiff's allegations he has been denied access to the Courts because of an inadequate law library and interference with his legal mail.  Plaintiff alleges the grievances are never investigated.  Plaintiff further complains he has not received either a formal or informal response to his grievances.  (D.E. 1, p. 5).

Plaintiff brings this claim against Defendants Sheriff Mills, Chief Deputy Gutierrez and Deputy Cortez because of their alleged supervisory positions at the Aransas County Detention Center.

### 3.  *Denial of access to the courts*

Plaintiff alleges he has been denied access to the courts due to the Aransas County Detention Center having an inadequate law library.  He complains he does not have access to case reporters, state or federal statutes or other legal research materials. Plaintiff testified he needs these materials to help him resolve his misdemeanor cases pending in Nueces County and his pending parole violation proceeding.  Plaintiff further testified he has been denied access to the courts because his efforts to mail documents to the courts have been interfered with by Defendant Kolb.  Plaintiff testified at the *Spears*

hearing he has limited funds to pay for postage, and therefore asked Defendant Kolb to deliver a letter to the parole office which, according to Plaintiff, is across the street from the Aransas County Detention Center. Plaintiff testified this was a reasonable request because correctional officers and other staff members routinely make this short trip. However, Plaintiff also testified that another correctional officer agreed to deliver the letter on Plaintiff's behalf.  Further, regarding Plaintiff's access to the courts, Plaintiff testified he is represented by attorney Cecil Starcher in his pending cases in Nueces County.

Plaintiff brings this claim against Defendants Sheriff Bill Mills, Chief Deputy John Gutierrez and Deputy Roman Cortez because of their alleged supervisory positions at the Aransas County Detention Center.  Further, he brings this claim against Aransas County Chief Jail Operations Officer Ms. Kolb because of her role of being personally involved in processing Plaintiff's legal mail.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

*Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To

prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).   A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.   **DISCUSSION**

   A.   **Eleventh Amendment Immunity**

   Plaintiff does not specifically allege whether he brings these claims against Defendants in their individual or official capacities.    However, to the extent Plaintiff is raising a claim against the defendants in their official capacities, those claims are addressed herein.   A suit against a state officer in his or her official capacity is effectively a suit against that state official's office.   *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).   The Eleventh Amendment, however, bars claims for money damages against a state or state agency.   *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment.   *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).   The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities.   *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh

Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff is suing Defendants in their official capacities for monetary damages, those claims are barred by the Eleventh Amendment.  Thus, it is respectfully recommended that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed as barred by the Eleventh Amendment.

### B.    Failure to Protect

Plaintiff's failure to protect claims arise from his concern he will be assaulted in the future and Defendants have failed to adequately protect him from possible future assaults.  It is well settled that the Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety.  *Id.* at 834.  In order for prison officials to be held liable under the Eighth Amendment for failure to protect, a prisoner must prove that the official knew of and disregarded an excessive risk to the inmate's safety; was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and also drew the inference; and failed to take reasonable remedial action.  *Id.* at 842-45.  "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as infliction of punishment."  *Id.* at 846.

As to Sheriff Bill Mills, Chief Deputy John Gutierrez and Deputy Roman Cortez,

Plaintiff brings these claims because their positions at the facility make each responsible for Plaintiff's health and safety. This allegation alone fails to state an Eighth Amendment violation because Plaintiff fails to offer any facts to suggest these defendants were personally involved in failing to protect him. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action."); *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987) (There is no vicarious or *respondeat superior* liability of supervisors under section 1983). There is no evidence to suggest that any of these defendants knew of a serious risk of harm to Plaintiff's health and safety and then ignored that risk.

More importantly, Plaintiff testified that he has never been assaulted while at the Aransas County Detention Center. Additionally, Plaintiff has never been threatened that he would be assaulted. Further, Plaintiff testified he is in an 8-man "tank" and that he has not experienced difficulty getting along with the other inmates in his area. Finally, Plaintiff testified there is nothing about his physical condition or personal attributes which make him uniquely susceptible to being assaulted or otherwise victimized by other inmates. Plaintiff's allegation that the conditions at the facility place him in danger of being assaulted in the future are speculative, unsupported by his own testimony and fail to state a cognizable claim. Therefore, it is respectfully recommended that Plaintiff's failure to protect claims be dismissed.

## C.     Inadequate System to Resolve Inmate Grievances

Plaintiff contends the Aransas County Detention Center has an inadequate system to resolve inmate grievances. He alleges defendants failed to investigate complaints and

never responded to his complaints. However, even if true, these allegations fail to state cognizable constitutional claims. *See Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (Burger, C.J., concurring) (applauding institution of grievance procedures by prisons but noting that such procedures are not constitutionally required); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005) (prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor). Therefore, it is respectfully recommended Plaintiff's claims regarding the alleged inadequate inmate grievance system be dismissed.

### D.   Denial of Access to the Courts

Plaintiff claims he has been denied access to the courts because the Aransas County Detention Center has an inadequate law library and because Defendant Kolb interfered with his ability to send correspondence to the courts through the U.S. mail.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement). Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313,

317 (5th Cir. 1999).     To properly state a claim of denial of access to the courts, a plaintiff must demonstrate "that his position as a litigant was prejudiced..." by the defendant's actions. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir. 1996) (citing *Walker v. Navarro Cty. Jail,* 4 F.3d 410, 413 (5th Cir. 1993)); *Brinson v. McKeeman,* 992 F. Supp. 897, 911 (W.D. Tex. 1997) (finding plaintiff's access claim inadequate because he alleged no specific facts sufficient to raise an arguable basis to show he suffered prejudice as a result of the defendant's conduct). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis,* 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd,* 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright,* 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis,* 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason,* 73 F.3d at 1328.

Plaintiff has not alleged any injury or prejudice traceable to any aspect of his confinement at the Aransas County Detention Center. Plaintiff is represented by counsel in his misdemeanor cases which are pending in Nueces County. Therefore, Plaintiff's constitutional and procedural rights in his pending misdemeanor cases are protected by

his defense counsel.  While Plaintiff has expressed having some difficulty contacting his lawyer, he testified he has family members available to assist him in reaching his lawyer. Additionally, Plaintiff's misdemeanor cases in Nueces County are still pending which make his complaints of prejudice premature.

With regard to Plaintiff's pending parole violation hearing and the alleged denial of access to the courts as to these matters, Plaintiff has a right to minimal due process in these proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).   However, Plaintiff has not had a parole violation hearing and his parole has not been revoked.  Plaintiff is currently in custody on a parole violator's warrant awaiting parole violation proceedings.   Plaintiff testified at the *Spears* hearing his reason for filing this action was to expedite his parole violation proceedings. However, the Fifth Circuit Court of Appeals has held that the right to a speedy trial is not applicable to probation and parole revocation hearings because they are not stages of a criminal prosecution. *United States v. Williams,* 558 F.2d 224, 226 (5th Cir. 1977), (quoting *Gagnon,* 411 U.S. at 782)).  Plaintiff has not alleged any prejudice associated with his pending parole violation proceedings.

Plaintiff's allegations regarding interference with his mail are equally deficient. Plaintiff's testified Defendant Kolb refused to hand-deliver a parcel.[5]   This request was made in an apparent attempt to avoid paying postage.  However, this refusal does not amount to a constitutional violation.  Additionally, Plaintiff testified at the *Spears* hearing

---

[5] Ms. Kolb is not alleged to have refused to place the parcel in the U.S. mail.  She is alleged to have declined to hand deliver Plaintiff's letter to the parole office which is across the street from the detention center.

another correctional officer delivered the letter.  Finally, Plaintiff has successfully filed the instant federal civil action and has corresponded with this Court without difficulty. This is some indication Plaintiff's access to the courts is not being interfered with by the Defendants or others.

Therefore, the undersigned recommends Plaintiff's claims regarding the alleged denial of access to the courts be dismissed with prejudice for failure to state a claim and/or as frivolous.

## V.    CONCLUSION

Plaintiff has failed to state cognizable constitutional claims against the named Defendants herein.  Therefore, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the United States District Clerk for the Southern  District of Texas, Houston Division, Attn: Beverly Goolsby, 515 Rusk St., Houston, Texas, 77002, Attention: Beverly Goolsby.[6]

Respectfully submitted this 10th day of February, 2017.

Jason B. Libby
United States Magistrate Judge

---

[6] The three strikes list is no longer maintained by Betty Parker in the Eastern District of Texas.

14 / 15

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).